The expert, who is board certified in internal medicine, is qualified to render an opinion as to diagnosis and treatment with respect to the symptoms presented by the decedent. In contrast, the expert's affirmation in *Browder v New York City Health & Hosps. Corp.* (37 AD3d 375 [2007]), cited by the trial court, failed to indicate either the expert's specialty or that he or she possessed the requisite knowledge to furnish a reliable opinion.

Venue should be retained in Bronx County. The only ground for the motion to change venue was the dismissal of the complaint against St. Barnabas, and the complaint has been reinstated.

The motion to vacate plaintiff's note of issue, served more than 20 days after service of that note, was properly denied as untimely (*see* 22 NYCRR 202.21 [e]), "no showing of special circumstances or adequate reason for the delay having been offered" (*Arnold v New York City Hous. Auth.*, 282 AD2d 378 [2001]). Nor did the court err in finding that defendant Orin failed to demonstrate good cause for an extension of time in which to file his motion for summary judgment (CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]). Concur— Mazzarelli, J.P., Sweeny, Catterson, Acosta and Abdus-Salaam, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL TIGGS, Appellant. [897 NYS2d 667]—

Concur—Tom, J.P., Andrias, McGuire and Manzanet-Daniels, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO MARTE, Appellant. [891 NYS2d 408]—

The court properly exercised its discretion in denying defendant's mistrial motion based on the prosecutor's summation. The challenged portions of the summation did not deprive defendant